IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERT RAY MASON, <br> (TDCJ-CID #1713150) <br><br> Petitioner, <br><br> VS. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. H-15-1826 <br> § <br> § <br> § <br> § |

**MEMORANDUM AND OPINION**

Petitioner, Albert Ray Mason, has filed a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. The threshold issue is whether this petition is subject to dismissal for lack of jurisdiction. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

**I.   Background**

Mason challenges a 1989 conviction for aggravated sexual assault in Jefferson County, Texas. (Cause Number 52320).

On June 23, 2015, Mason filed the instant petition for a writ of audita querela, in which he challenges the conviction for aggravated sexual assault on the ground that the prosecutor failed to disclose favorable evidence. (Docket Entry No. 1, pp. 1-7).

**II. Discussion**

Mason has filed a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses a particular issue, it is that authority, and not the All Writs Act, that is controlling. *Carlisle v. United States,* 517 U.S. 416, 429 (1996).

The Fifth Circuit has recently addressed the continuing use of the writ, describing the writ as:

> a common law writ dating from the reign of Edward III that constitutes the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on the ground that some defense or discharge has arisen since its rendition that could not be taken advantage of otherwise.

*United States v. Miller,* 599 F.3d 484, 487 (5th Cir. 2010). In other words, "a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *Id.* The Fifth Circuit further noted the writ was expressly abolished as to civil judgments, but courts have "acknowledged, with some reservation, that the writ of audita querela might also survive in criminal adjudications, if there is a gap for it to fill." *Id.* at 488. However, "if the writ survives, it can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Id.*

Moreover, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id.* Thus, a petitioner may not seek a writ of audita querela if he "may seek redress under § 2255." *United States v. Banda,* 1 F.3d 354, 356 (5th Cir. 1993). Nor is audita querela available to circumvent the procedural and legal requirements of

§ 2255, including the limit on second or successive motions. *See United States v. Valdez–Pacheco,* 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). The Fifth Circuit has also made clear that the inability to meet the requirements for bringing a successive § 2255 motion does not render the remedy under § 2255 unavailable. *See Slaughter v. United States,* 379 F. App'x 387, 388 (5th Cir. 2010) (affirming dismissal of writ of audita querela because remedy for *Booker* claim was under § 2255 and the petitioner had not obtained leave to file a successive § 2255 motion); *United States v. Ford,* 372 F. App'x 545, 545–46 (5th Cir. 2010) (same); *United States v. Heli–Mejia,* 354 F. App'x 909, 910 (5th Cir. 2009) (same).

Mason was convicted of aggravated sexual assault in July 1989, and he was sentenced to a fifteen-year prison term. Mason states that he has discharged that sentence but continues to suffer collateral consequences in the form of sex offender registration requirements. The primary means for challenging the fact or duration of incarceration as a result of a state court conviction is by filing a habeas corpus petition under 28 U.S.C. § 2254. The court notes that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. Therefore, the All Writs Act is not applicable to this civil action, and Mason may not seek relief through a writ of audita querela. Because the All Writs Act does not create an independent basis of jurisdiction, the court is without subject matter jurisdiction to consider Mason's writ of audita querela. *See Renteria-Gonzalez v. INS,* 322 F.3d 804, 811 (5th Cir. 2002); *Faith Home Health Services, Inc. v.*

*Shalala,* 166 F.3d 341 (5th Cir. 1998) (citing *Brittingham v. U.S. Comm'r of Internal Revenue,* 451 F.2d 315, 317 (5th Cir. 1971)).

There is no indication on the record that Mason has filed a prior federal petition for habeas corpus relief. Having failed to show that the § 2254 remedy is unavailable, Mason has not established that he is entitled to relief pursuant to a writ of audita querela. *See United States v. Johnson,* 350 F. App'x 872, 873 (5th Cir. 2009) (rejecting writ of audita querela based on decision in *Booker,* noting "that a movant cannot meet the requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable.").

"'Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper.'" *See United States v. Orozco-Ramirez,* 211 F.3d 862, 864 n.4 (5th Cir. 2000) (quoting *United States v. Flores,* 135 F.3d 1000, 1002 n.7 (5th Cir. 1998)). The second-or-successive rules in § 2244, which govern successive petitions under § 2254, should be read "*in pari materia* with those under § 2255." *See Leal Garcia v. Quarterman,* 573 F.3d 214, 220 n.32 (5th Cir. 2009) (citing *United States v. Orozco–Ramirez,* 211 F.3d 862, 864 n.4 (5th Cir. 2000)); *see also Urinyi v. United States,* 607 F.3d 318, 321 (2d Cir. 2010) (per curiam) ("[N]othing in the AEDPA indicates that Congress intended the 'second or successive' rules to operate differently with regard to state and federal prisoners."). Mason has not asserted a legal defense that arose after the judgment. His allegations that the prosecutor engaged in misconduct does not involve a new legal defense. Because Mason cannot establish a legal objection or defense that arose after entry of the judgment of conviction, his petition for writ of *audita querela* has no merit.

### III. Conclusion

Mason's petition for a writ of audita querela is DISMISSED for lack of jurisdiction. Mason's constructive motion to proceed as a pauper, (Docket Entry No. 1), is GRANTED. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Mason has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on ___August 10___, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE